**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ATEGRITY SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| QWIKX ONE CONVENIENCE STORE INC., | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Ategrity Specialty Insurance Company states as follows for its complaint for declaratory judgment against defendant Qwikx One Convenience Store, Inc.:

**NATURE OF THE ACTION**

1.  Ategrity is an insurance company that operates on a surplus lines basis in Illinois. In 2023, Ategrity issued a policy that included commercial property insurance (subject to its terms and conditions) to defendant Qwikx One Convenience Store Inc. DBA Shar's Armanetti Fine Wine & Spirits, a retail liquor and wine store located in Illinois.

2.  Although the policy was originally issued for a one-year policy period of June 27, 2023 to June 27, 2024, it included provisions by which either Ategrity or Qwikx One could cancel it prior to June 27, 2024. Ategrity cancelled the policy effective February 26, 2024. Months later, on May 19, 2024, Qwikx One's liquor store sustained a fire. Thereafter, Qwikx One submitted a property insurance claim under the cancelled policy and disputed whether the policy had been cancelled months prior to the fire.

3.  Through this lawsuit, Ategrity seeks a declaration that Qwikx One is not entitled to coverage for its claim under the policy because it was cancelled prior to the fire. Alternatively,

Qwikx One's failure to provide requested documents and information regarding its insurance claim precludes coverage under the conditions of the policy.

## THE PARTIES

4. Plaintiff Ategrity Specialty Insurance Company ("Ategrity") is a Delaware corporation with its principal place of business in Arizona.

5. Defendant Qwikx One Convenience Store, Inc. ("Qwikx One") is an Illinois corporation with its principal place of business in Illinois.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over defendant pursuant to Federal Rule of Civil Procedure 4(k)(1) and 735 ILCS 5/2-209(a), 5/2-209(b), and/or 5/2-209(c).

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because (a) the parties are citizens of different states and (b) the total amount in controversy exceeds $75,000, exclusive of interest and costs, because the property damage and loss at issue is claimed to be at least $900,000.

8. This Court also has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201(a). An actual, immediate, and justiciable controversy exists between the parties with respect to the property insurance claim at issue such that a declaratory judgment will affect the rights and interests of the parties.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the fire occurred at a property in Carpentersville, Kane County, Illinois, which is located in this district, and/or pursuant to 28 U.S.C. § 1391(b)(1) because Qwikx One resides in this district.

**FACTUAL BACKGROUND**

10. Ategrity issued an insurance policy numbered 01-C-PK-P20080839-0 to "Qwikx One Convenience Store Inc. DBA Shar's Armanetti Fine Wine & Spirits" as the Named Insured (the "Policy").

11. A true and correct copy of the Policy, including the Building And Personal Property Coverage Form, the Commercial Property Conditions, the Common Policy Conditions, and the Cancellation Endorsement No. 001, is attached to this Complaint as Exhibit A, with premiums redacted.

12. The Policy states in part: "Notice to Policyholder: This contract is issued, pursuant to Section 445 of the Illinois Insurance Code, by a company not authorized and licensed to transact business in Illinois and as such is not covered by the Illinois Insurance Guaranty Fund."

13. The Policy is a "surplus lines insurance" policy procured under Section 445 of the Illinois Insurance Code, 215 ILCS 5/445.

14. Section 445 of the Illinois Insurance Code, 215 ILCS 5/445(12), states: "Applicability of Illinois Insurance Code [215 ILCS 5/1 et seq.]. Surplus line insurance procured under this Section, including insurance procured from a domestic surplus line insurer, is not subject to the provisions of the Illinois Insurance Code other than Sections 123, 123.1, 401, 401.1, 402, 403, 403A, 408, 412, 445, 445a, 445.1, 445.2, 445.3, 445.4, and all of the provisions of Article XXXI to the extent that the provisions of Article XXXI are not inconsistent with the terms of this Act."

15. Surplus line insurance procured under Section 445 of the Illinois Insurance Code, 215 ILCS 5/445, is not subject to the provisions of 215 ILCS 5/143.11 (titled "Cancellation Provisions"), 215 ILCS 5/143.14 (tilted "Notice of cancellation"), 215 ILCS 5/143.16 (titled

3

"Mailing of cancellation notice"), or 215 ILCS 5/143.16a (titled "Cancellation of Casualty policies").

16. The Policy is not subject to the provisions of 215 ILCS 5/143.11 (titled "Cancellation Provisions"), 215 ILCS 5/143.14 (tilted "Notice of cancellation"), 215 ILCS 5/143.16 titled (titled "Mailing of cancellation notice"), or 215 ILCS 5/143.16a (titled "Cancellation of Casualty policies").

17. The Policy includes the following Cancellation provision:

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

**A. CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

      **6.**    If notice is mailed, proof of mailing will be sufficient proof of notice.

18.    The Policy states in part:

NAMED INSURED AND MAILING ADDRESS

> Qwikx One Convenience Store Inc. DBA Shar's Armanetti Fine Wine & Spirits
> 222 W Main St
> Barrington IL 60010

19.    On January 23, 2024 a written Notice Of Cancellation Of Insurance was mailed to Qwikx One, which was addressed to "222 W Main St Barrington IL 60010." A true and correct copy of the Notice of Cancellation of Insurance is attached to this Complaint as Exhibit B.

20.    The Notice Of Cancellation of Insurance (Ex. B) stated in part: "Date of Cancellation: 02/26/2024; 12:01 A.M. Local Time at the mailing address of the Named Insured. We are cancelling this policy. Your insurance will cease on the Date of Cancellation shown above."

21.    Under the Policy, Ategrity had the right to cancel the Policy "for nonpayment of premium" or for "*any* other reason" (italics added), subject to other terms and requirements.

22.    The Notice Of Cancellation of Insurance (Ex. B) stated in part: "The reason for cancellation is Did not comply with inspection recommendation in alloted time."

23.    The Notice Of Cancellation of Insurance (Ex. B) was mailed on January 23, 2024 on behalf of Ategrity by Burns & Wilcox, Ltd.

24.    Acrisure, LLC d/b/a Presidio Group or Presidio ("Presidio") acted as Qwikx One's insurance broker for the Policy, including with respect to the placement of the Policy and the Notice Of Cancellation Of Insurance.

25.    Presidio was Qwikx One's actual or apparent agent with respect to the Policy, including with respect to the placement of the Policy and the Notice Of Cancellation Of Insurance.

26. On January 23, 2024, Burns & Wilcox, Ltd. emailed a copy of the Notice Of Cancellation of Insurance (Ex. B) to Presidio, Qwikx One's insurance broker.

27. On January 23, 2024, Megan Larkowski of Presidio received the Notice Of Cancellation of Insurance by email.

28. On February 16, 2024 and again on February 23, 2024, Burns & Wilcox, Ltd. emailed additional copies of the Notice Of Cancellation of Insurance (Ex. B) to Presidio, which Presidio received on those dates.

29. In connection with the Notice Of Cancellation of Insurance, a pro rata premium refund was issued for the Policy.

30. On March 7, 2024, Megan Larkowski of Presidio and Aaron Leggero of Burns & Wilcox, Ltd. exchanged emails discussing, among other things, why the Policy had been cancelled. Megan Larkowski's email stated in part that: "I have reached out to the insured…" A true and correct copy of the email chain is attached to this Complaint as Exhibit C.

31. Mr. Dhirenkumar Patel a/k/a Dhiren Patel ("Mr. Patel") is currently the President of Qwikx One and was its President throughout the years of 2023 and 2024.

32. On information and belief, at some time between January 23, 2024 and March 15, 2024, Mr. Patel (a) personally received a copy of the Notice Of Cancellation of Insurance (Ex. B); and/or (b) became personally aware that Ategrity contended that the Policy was cancelled effective February 26, 2024, and that policy period (or policy term) was June 27, 2023 to February 26, 2024.

33. On March 21, 2024, Megan Larkowski of Presidio emailed Aaron Leggero of Burns & Wilcox, Ltd., stating in part:

> Can you please forward loss runs to my attention for the above insured's below two policies:
>
> 01-C-PK20080839-0

JFLLIQ239830

Additionally, can you please forward copies of these policies for our records. *I do understand that one of the policies has since been cancelled* however I am not seeing a copy in our system.

[Italics added.] A true and correct copy of the email is attached to this Complaint as Exhibit D.

34. On May 19, 2024, Qwikx One owned and/or operated a liquor store located at 222 W. Main St Carpentersville, IL, 60110.

35. The Policy included property insurance with respect to the premises located at 222 W. Main St Carpentersville, IL, 60110, subject to its terms, limitations, exclusions, conditions, definitions, deductibles, endorsements, limits and sub-limits of liability, including the Policy's cancellation provisions; however, the Policy does not state that 222 W. Main St. Carpentersville, IL 60110 is the "mailing address" for Qwikx One.

36. The Policy also states in part:

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms. * * *

**H. POLICY PERIOD, COVERAGE TERRITORY**

Under this Coverage Part:

**1.** We cover loss or damage commencing:

**a.** During the policy period shown in the Declarations; …

37. The Policy was cancelled effective February 26, 2024 and/or prior to May 19, 2024.

38. The policy period for the Policy ended February 26, 2024 and/or prior to May 19, 2024.

39. On May 19, 2024, there was a fire at 222 W. Main St Carpentersville, IL, 60110 (the "May 19th Loss").

40. In June 2024, Qwikx One, through an attorney, made a claim for property insurance coverage for the May 19th Loss under the Policy (the "Claim").

41. By letter dated June 6, 2024, Ategrity issued a written denial of the Claim, stating in part that "the Cancellation [was] effective 2/26/2024" and that "[a]s you presented [a] loss that did not occur during the policy period, such loss is not covered and must be respectfully denied."

42. Through further investigation, analysis, or discovery, additional bases may be identified for denying or limiting coverage for the Claim; accordingly, in addition to the matters asserted in Counts I and II of this Complaint, Ategrity reserves all rights and defenses, including but not limited to, any terms, limitations, exclusions, conditions, definitions, deductibles, endorsements, limits or sub-limits of liability of the Policy or any application for insurance that limit, eliminate or impact the availability of insurance coverage, any matters regarding the formation, rescission or cancellation of the Policy, and any other rights or defenses available under the law, by contract, in equity, under public policy, or any other grounds.

## COUNT I – DECLARATORY JUDGMENT

### Policy Cancelled Prior to May 19th Loss

43. Paragraphs 1 through 42 are incorporated by reference as through fully set forth herein.

44. The Policy was cancelled effective February 26, 2024 and/or prior to May 19, 2024, and its policy period ended on the date its cancellation was effective.

45. Because May 19th Loss did not commence during the policy period, there is no property insurance coverage for the Claim under the Policy, and Ategrity does not owe any indemnity payment to Qwikx One for the Claim.

46. On information and belief, Qwikx One disagrees with Ategrity's position, and continues to maintain that Claim is covered under the Policy and that Qwikx One is entitled to payment from Ategrity; thus, there is an actual and justiciable controversy between the parties.

## COUNT II – DECLARATORY JUDGMENT

### Qwikx One Has Failed to Satisfy Conditions Precedent to Coverage

47. Paragraphs 1 through 42 are incorporated by reference as through fully set forth herein.

48. After Ategrity issued a written denial of the Claim on June 6, 2024, Qwikx One, through an attorney, challenged whether the Policy had been cancelled prior to the May 19th Loss.

49. Qwikx One, through its attorney, sent a "draft" complaint to Ategrity alleging, among other things, that Ategrity had "failed to mail a properly addressed notice of cancellation to the Named Insured," such that the Claim should be covered under the Policy; but, to date, that attorney has not advised Ategrity whether this "draft" complaint has been filed in any court.

50. Between July and October 2024, Ategrity sent multiple written requests for documents and information from Qwikx One, subject to a reservation of rights and defenses, which concerned Qwikx One's contention that Ategrity had failed to mail a properly addressed notice of cancellation; to date, Qwikx One has not provided the requested documents and information to Ategrity.

51. The Building And Personal Property Coverage Form of the Policy states in part:

**E.** **Loss Conditions**

9

>The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:
>
> *    *    *
>
>**3. Duties In The Event Of Loss Or Damage**
>
>>**a.** You must see that the following are done in the event of loss or damage to Covered Property: * * *
>>
>>>**(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records. * * *
>>>
>>>**(8)** Cooperate with us in the investigation or settlement of the claim.

52. The Policy also states in part:

> **COMMON POLICY CONDITIONS**
>
>All Coverage Parts included in this policy are subject to the following conditions.
>
> *    *    *
>
>**C. EXAMINATION OF YOUR BOOKS AND RECORDS**
>
>>We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

53. By failing to provide the requested documents and information, as referenced in this Count II, Qwikx One has failed to satisfy conditions precedent to coverage for the Claim under the Policy.

54. Regardless of whether the Policy was cancelled prior to the May 19th Loss, there is no property insurance coverage for the Claim under the Policy, and Ategrity does not owe any indemnity payment to Qwikx One for the Claim, due to its failure to satisfy conditions precedent to coverage under the Policy.

55. On information and belief, Qwikx One disagrees with Ategrity's position, and continues to maintain that Claim is covered under the Policy and that Qwikx One is entitled to payment from Ategrity; thus, there is an actual and justiciable controversy between the parties.

**WHEREFORE**, Ategrity Specialty Insurance Company respectfully requests that this Court enter judgment in its favor, including:

A. A declaration that the Policy was cancelled effective February 26, 2024 and/or prior to the May 19th Loss, such that the policy period ended prior to the May 19th Loss;

B. A declaration that Qwikx One has failed to satisfy conditions precedent to coverage for the Claim under the Policy;

C. A declaration that there is no property insurance coverage for the Claim under the Policy, and Ategrity does not owe any indemnity payment to Qwikx One for the Claim;

D. An award to Ategrity of any fees, costs, and expenses allowed by law; and/or

E. An award to Ategrity of any other relief that the Court deems just and appropriate.

Dated: November 8, 2024                                  Respectfully submitted,

Paris B. Glazer (#6309089)                               HINSHAW & CULBERTSON LLP
Gar N. Lauerman (#6330003)
HINSHAW & CULBERTSON LLP                                 /s/ *Paris B. Glazer*
151 North Franklin St., Suite 2500
Chicago, Illinois 60606                                  Counsel for Plaintiff
Tel: (312) 704-3000                                      Ategrity Specialty Insurance Company
pglazer@hinshawlaw.com
glauerman@hinshawlaw.com

## CERTIFICATE OF SERVICE

I certify that, on November 8, 2024, I caused this pleading to be electronically filed with the Clerk of the Court through the CM/ECF system with an electronic copy to be sent to all counsel of record.

/s/ *Paris B. Glazer*